UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

KIMBERLY LEYBA,                )
                               )
        Plaintiff,             )
                               )
v.                             )   Cause No.
                               )
INDIANA UNIVERSITY             )   **1:15-cv-1139 TWP -TAB**
HEALTH, INC.,                  )
                               )
        Defendant.             )
                               )

## COMPLAINT

Plaintiff Kimberly Leyba ("Plaintiff"), by and through her undersigned counsel, as and for her Complaint in this action against Defendant Indiana University Health. ("Defendant"), defined below to redress race and color discrimination. Upon non-confidential, non-privileged information concerning herself and their own acts, and upon information and belief, Plaintiffs allege as follows:

### NATURE OF THE CLAIMS

1.  This is an action seeking declaratory, injunctive and equitable relief, as well as compensatory, and punitive damages, to redress Defendant's unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e et seq. and the Equal Pay Act of 1963, 29 U.S.C. § 206(d).

2.  Defendant also has known or should have known that its business practices – including but not limited to its pay, promotion, discipline, demotion, evaluation, and compensation practices – have an illegal disparate impact on African-American employees in particular. Defendant has failed to take adequate measures to rectify this disparate impact.

SCANNED

1

3. The systemic discrimination described in this Complaint has been and is continuing in nature.

4. Plaintiff claims that she was terminated because of her race and color in violation of Title VII of the Civil Rights Act of 1964.

5. The Plaintiff seeks declaratory and injunctive relief; back pay; front pay; compensatory, nominal, and punitive damages; and attorneys' fees, costs, and expenses to redress Defendant's pervasive and discriminatory employment policies, practices, and procedures.

6. Defendant's discriminatory termination of Plaintiff was knowing, malicious, willful and wanton and/or showed a reckless disregard for Plaintiff. This unlawful conduct has caused and continues to cause Plaintiff to suffer substantial economic and non-economic damages, and to her personal and professional reputation.

7. Plaintiff also claims a violation of the Equal Pay Act of 1963 as Plaintiff alleges that she was not afforded the same terms and conditions of employment as similarly situated Caucasian employees of the same job classification as the Plaintiff.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves a federal question regarding the depravation of Plaintiff's rights under federal and state law. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 USC Section 2000e-5(f)(1) and (3) ("Title VII").

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is conducting business in the Southern District of Indiana, and a substantial part of the events or omissions giving rise to this action occurred within the Southern District of Indiana.

## PARTIES

10. Plaintiff is a female citizen and resides in Indianapolis, Marion County, Indiana.

11. At all relevant times, Plaintiff met the definition of an "employee" under all applicable statutes and was employed by Defendant as a Strategic Value Analyst ("SVA").

12. Upon information and belief, at all times relevant herein, Defendant was a private non-profit domestic corporation with its principal place of business located at 340 West 10th Street, Indianapolis, Indiana 46202 and duly registered to conduct business in the State of Indiana; was conducting business in the State of Indiana; and continues to transact business in the State of Indiana, including Marion County, Indiana.

## PROCEDURAL REQUIREMENTS

13. On or about December 16, 2014, Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Equal Pay Act ("EPA"). This discrimination charge arose out of the same facts alleged herein.

14. On or about May 1, 2015 Plaintiff received her Notice of Suit Rights from the EEOC. This action has been filed within 90 days of Plaintiff's receipt of her Notice of Suit Rights from the EEOC.

15. Any and all other prerequisites to the filing of this suit have been met.

## FACTUAL ALLEGATIONS

16. Defendant operates a non-profit health care facility located in Indianapolis, Indiana.

3

17. At all relevant times, Plaintiff was employed by Defendant as a Strategic Value Analyst. .

18. Sometime on or about October 11, 2010 Plaintiff was hired by Defendant as a Contract Analyst with Indiana University's Physicians Group.

19. On or about January 1, 2013, Plaintiff was transferred to Indiana University's Acute Care Group, and at that time Plaintiff's job classification was changed to the SVA.

20. After Plaintiff's transfer, Plaintiff's immediate supervisor Linda York ("York") stated to Plaintiff that the Physician's Group did a disservice to the Acute Care Group with Plaintiff coming on boad.

21. At the time of Plaintiff's transfer to the Acute Care Group, Defendant recognized and honored Plaintiff's seniority or length of service.

22. At all relevant times, Linda York ("York") was Plaintiff's immediate supervisor and had the authority to directly affect the terms and conditions of Plaintiff's employment, and was acting within the course and scope of her employment with Defendant.

23. Defendant discriminated against Ms. Leyba on the basis of her race and color by providing her with less compensation than similarly situated Caucasian employees performing the same or similar duties.

24. After Plaintiff had transferred to the Acute Care Group, Plaintiff continued to perform the job tasks from both the Physician's Group and the Acute Care Group, but was paid less than similarly-situated Caucasian SVA's.

25. After Plaintiff's transfer to the Acute Care Group, Plaintiff had often asked York to remove the additional Physician Group job responsibilities assigned to Plaintiff.

26. In or about August of 2013, another SVA had resigned from employment with the Acute Care Group, and York then assigned those additional job responsibilities to the Plaintiff, while still compensating Plaintiff less than similarly-situated Caucasian SVA's.

27. After Plaintiff had been transferred to the Acute Care Group, Plaintiff had not been afforded any training opportunities for her new job position, as other similarly-situated Caucasian SVA's received.

28. In or about April of 2014, Plaintiff was required to sit in Team Leader Stacey's Slott's ("Slott") office at which time Slott would comment that she would not provide the Plaintiff similar training as the other SVA's.

29. Each month the birthdays of team members are celebrated by going out to lunch as a group.

30. In March of 2014, Plaintiff was the only SVA whose birthday fell in March.

31. When the team left for luncheon in March of 2014, Plaintiff had been excluded from said function.

32. Plaintiff had learned from a co-worker that the SVA team had placed an empty chair at the table for Plaintiff, but Plaintiff was told that she would have to wait to be called.

33. Plaintiff was never called, but instead was handed a 'doggie bag' when the team returned from lunch.

34. On or about May 6, 2014, Plaintiff had received a written warning for job performance for not meeting deadlines, despite the fact that Plaintiff was complying with deadline objectives which she provided to her supervisors which they approved.

35. On or about May 20, 2014, Plaintiff was terminated from employment for job performance despite the fact that Plaintiff had been told since October 2013 that Plaintiff had been meeting the Defendant's performance expectations.

36. Plaintiff avers, upon information and belief, that her termination from employment for poor job performance was pretextual and in violation of federal law.

## FIRST CAUSE OF ACTION
### (Violation of Title VII of the Civil Rights Act of 1964)

37. Plaintiff realleges and incorporate as if fully stated herein each and every allegation contained above and incorporate the same herein by reference as though set forth in full.

38. Defendant has discriminated against the Plaintiff by treating her differently from and less preferably than similarly situated Caucasian employees and subjecting her to discriminatory pay, discriminatory denials of pay raises, and other differential treatment on the basis of her race and color affecting her terms and conditions of employment in violation of Title VII.

39. Defendant has discriminated against Plaintiff in violation of Title VII by denying her equal terms and conditions of employment, including but not limited to, terminating her employment under the guise of poor job performance.

40. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages.

41. Defendant's unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights under Title VII for which Plaintiff is entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION
### Equal Pay Act

42. Branch realleges and incorporate as if fully stated herein each and every allegation contained above and incorporate the same herein by reference as though set forth in full.

43. Defendant has discriminated against the Plaintiff within the meaning of the Equal Pay Act of 1963 ("EPA") in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 206, et seq., as amended by the EPA, by providing her with lower pay than similarly situated Caucasian employees, even though Plaintiff performed similar duties requiring the same skill, effort, and responsibility of Caucasian counterparts.

44. Questions of law and fact common to the EPA Plaintiff as a whole include but are not limited to the following: (a) Whether Defendant unlawfully failed and continues to fail to compensate African-American employees at a level commensurate with similarly situated Caucasian employees; (b) Whether Defendant unlawfully assigned and continues to assign African-American employees into positions graded at a lower pay and compensation scale to similarly qualified Caucasian employees; (c) Whether Defendant's policy and practice of failing to compensate African-American employees on a par with comparable Caucasian employees as a result of (a) and (b) violates applicable provisions of the EPA; and (d) Whether Defendant's failure to compensate African-American employees on a par with comparable Caucasian employees as a result of (a) and (b) was willful within the meaning of the EPA.

45. Plaintiff performed similar job duties and functions as other Caucasian SVA's. Plaintiff performed a job that required equal skill, effort, and responsibility, and are or were performed under similar working conditions.

46. Defendant discriminated against Plaintiff by subjecting her to discrimination in compensation in violation of the Equal Pay Act.

47. The differential in pay between the Plaintiff and Caucasian employees was not due to seniority, merit, quantity or quality of production, but was due to race and color.

48. Defendants caused, attempted to cause, contributed to, or caused the continuation of wage rate discrimination based on race and color, in violation of the EPA.

49. The foregoing conduct constitutes a willful violation of the EPA within the meaning of 29 U.S.C. § 255(a). Because Defendant has willfully violated the EPA, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

50. As a result of Defendant's conduct as alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including but not limited to: lost earnings, lost benefits, and other financial loss, as well as humiliation, and embarrassment.

51. By reason of Defendant's' Plaintiff is entitled to all legal and equitable remedies available for violations of the EPA, including liquidated damages for all willful violations, pre-judgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully requests that this Court:

A. Grant a declaratory judgment that the actions, conduct and practices of Defendant complained of herein violated the laws of the United States;

B. Grant an injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

C. Grant an order directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory and/or otherwise unlawful conduct, as well as to take such affirmative action, including reinstatement, as is necessary to

ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect the Plaintiff, or in lieu of reinstatement front-pay;

D. Grant an award of compensatory and liquidated damages in an amount to be determined at trial, plus pre-judgment interest, to compensate the Plaintiff for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation, job security and other benefits of employment;

E. Grant an award of punitive damages, plus pre-judgment interest, to compensate the Plaintiff for her humiliation, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity;

F. Grant an award of punitive damages, plus pre-judgment interest, to compensate Plaintiff for harm to her personal reputation and loss of career fulfillment;

G. Grant an award of punitive damages for their willful, wanton, malicious and reckless conduct described above, in amounts to be determined at trial;

H. Grant an award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus pre-judgment interest;

I. Grant an award to the Plaintiff for attorney fees and costs of this action; and

J. Grant such further relief as the Court deems necessary and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Respectfully submitted,

/s/ John R. Panico

John Robert Panico, IN Bar No. 24039-48
PANICO LAW LLC
9465 Counselors Row, Suite 200
Indianapolis, IN 46240

(317) 759-7464
jpanico@discriminationlawgroup.com

*Counsel for Plaintiff Kimberly Leyba*